UNITED STATES DISTRICT COURT
CONNECTICUT

| | |
|---|---|
| IN RE APPLICATION OF THE ) | MISC. NO. 3:19mj1308 (SALM) |
| UNITED STATES OF AMERICA FOR ) | |
| AN ORDER PURSUANT TO ) | |
| 18 U.S.C. § 2703(d) ) | **Filed Under Seal** |
| ) | |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). This application includes a request for nondisclosure pursuant to 18 U.S.C. § 2705(b). The proposed Order would require Google LLC, an Internet Service Provider located in Mountain View, CA, to disclose certain records and other information pertaining to the following email accounts:

Ev44mer66@gmail.com
An62w42@gmail.com
damonlaya@gmail.com
Verolee1029@gmail.com
Mannuel.ayala0104@gmail.com
Panchovigo78@gmail.com
jordonvigo@gmail.com
Tavernitiogz@gmail.com
Antoniovigo816@gmail.com
Veronicaa1029@gmail.com
Ayala.manny0194@gmail.com
Cheffitzy@gmail.com
Fitzrichard04@gmail.com
Fitzrichard4286@gmail.com
Richiefitz666@gmail.com



The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the misappropriation of funds from the Connecticut Higher Education Trust ("CHET") college-savings accounts. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 1341 (Mail frauds and swindles) and 18 U.S.C. § 1343 (Fraud by wire, radio, or television).

5. Beginning in approximately October 2017 and ending in approximately June 2018, more than $1 million was stolen from CHET college-savings accounts. Specifically, a security breach allowed the perpetrators to establish online account access to more than twenty CHET accounts via CHET's online portal.

6. Online access to the CHET accounts via CHET's online portal was established using account holders' personal data and fraudulent email accounts. The fraudulent email accounts were designed to appear to be email accounts of actual CHET account holders, but were in fact created by the perpetrators to effectuate the scheme to defraud. The fraudulent email accounts were linked to the email accounts listed above.

7. Email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). Such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Even if subscribers insert false information to conceal their identity, this information often provide clues to their identity, location or illicit activities.

8. Perpetrators of these types of investigations can use multiple email accounts in the course of the scheme. In order to help identify the perpetrators and locate their whereabouts, the perpetrators may have used other associated accounts that shared the same browser cookie as the Fraudulent Email Accounts. For example, a perpetrator may have used a fraudulent email account to perpetuate the scheme under investigation but, in the same browser session, logged into a separate email account that would serve as a true or actual email account or logged into a

separate email account of an accomplice or co-conspirator. This order requires Google LLC to identify any other accounts accessed by the same device(s) that accessed the account(s) described in Part I of Attachment A, including accounts linked by cookies, recovery email address, or telephone number.

9.  Email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

10. In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

11.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

## REQUEST FOR ORDER

12. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

13. The United States further requests that the Order require Google LLC not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until February 16, 2020. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that may not be known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers. Moreover, the obligation of

nondisclosure should terminate in one year rather than a shorter period of time because cyber-related investigations can be prolonged as cyberspace offers suspects numerous opportunities to hide their identity.

                              Respectfully submitted,

                              JOHN H. DURHAM
                              UNITED STATES ATTORNEY

                              */s/ Heather Cherry*
                              Heather Cherry
                              Assistant United States Attorney
                              Federal Bar # phv07037
                              157 Church Street
                              New Haven, Connecticut 06510
                              heather.cherry@usdoj.gov